OPINION
{¶ 1} Minshall is appealing from the decision of the trial court overruling his motion to dismiss, through his counsel, based upon the violation of the speedy trial rights.
 {¶ 2} Minshall had been arrested on June 6, 2002, and was held in custody until his release by court order on September 5, 2002. His ninetieth day in custody was September 4, 2002, and his motion was filed on September 5, 2002. He eventually pleaded no contest and was found guilty of the charge of domestic violence, a misdemeanor of the first degree. He was given credit for time served and his sentence of six months in jail was stayed on the condition that he had no further violations during the next two years.
 {¶ 3} The court rendered judgment on the motion to dismiss in the following entry:
 {¶ 4} "This matter came before the Court on the Motion to Dismiss filed by the Defendant on September 5, 2002, pursuant to Ohio Revised Code Section 2945.71 and upon the Memorandum in Response to the Motion to Dismiss filed September 17, 2002.
 {¶ 5} "The Court notes in the record that trial was originally scheduled for August 21, 2002, at 9:00 a.m., well within the time constraints of Section 2945.71 of the Ohio Revised Code.
 {¶ 6} "The record further reflects a Notice filed August 20, 2002, scheduling a plea hearing for August 22, 2002, at 1:00 p.m. It was represented that a formal motion for continuance would be filed by the Defendant but the Defendant failed to file same. This representation was relied upon by the State of Ohio and the Defendant cannot now claim prejudice as the trial did not proceed due to his agreement to a plea and his subsequent failure to file a motion for continuance.
 {¶ 7} "The Court finds that this falls within the exceptions set forth in Section 2945.72(D) and (E).
 {¶ 8} "Consequently, the Motion to Dismiss of the Defendant is OVERRULED, and Jury Trial is scheduled for October 16, 2002, at 9:00 a.m., and final pretrial for October 8, 2002, at 8:00 a.m."
 {¶ 9} The exceptions referred to by the court in R.C. 2945.72(D) and (E) provide that the time which an accused must be brought to trial is extended by paragraph (D) for "any period of delay occasioned by the neglect or improper act of the accused" and paragraph (E) for "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."
 {¶ 10} The state in its brief supports the decision of the trial court by reiterating that defendant, through counsel, represented to the court that he would enter a plea on August 22, 2002, and, further, that he would, through counsel, file a formal motion for continuance, but no such motion was ever filed and no plea was entered on August 22, 2002.
 {¶ 11} The statute quoted above referred to actions or inactions by the accused, but it is well settled that the acts of an attorney within the scope of his authority are regarded as the acts of the client. 6 Ohio Jurisprudence 3d (1980) 416, Attorneys at Law.
 {¶ 12} Counsel for the appellant does not dispute, in his brief on appeal, the set of facts set forth by both the court and counsel for the state. Counsel's actions can be described in slang parlance as "sandbagging" the court. By requesting a delay which he then complains of is a violation of speedy trial rights, counsel has deliberately taken advantage of the trial court and cannot now be heard to complain of it. Whether counsel's act or actions rise to a level that calls for disciplinary proceedings, it is not for this tribunal to judge.
 {¶ 13} The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.